LAW OFFICES OF
# MICHAEL S. ROSS
ONE GRAND CENTRAL PLACE
60 EAST 42ND STREET
FORTY-SEVENTH FLOOR
NEW YORK, NY 10165

TELEPHONE
(212) 505-4060
FACSIMILE
(212) 505-4054
E-MAIL
michaelross@rosslaw.org

December 24, 2015

**BY ELECTRONIC CASE FILING**

Hon. Lisa Margaret Smith
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:  *Garcia v. Hess, et al.*, 11 Civ. 7258 (KMK) (LMS);
 *Delpeche v. Hess, at al.* 11 Civ. 7260 (KMK) (LMS);
 *LaRoche v. Hess, et al.*, 11 Civ. 7261 (KMK) (LMS);
 *Gallo v. Hess, et al.*, 11 Civ. 7262 (KMK) (LMS);
 *Parker v. Hess, et al.*, 11 Civ. 7264 (KMK) (LMS);
 *Romanick v. Hess et al.*, 11 Civ. 7267 (KMK) (LMS);
 <u>*Hinds v. Hess et al.*, 11 Civ. 7265 (KMK) (LMS).</u>

Dear Judge Smith:

  I represent Bonita E. Zelman, Esq., in connection with the December 16, 2015 hearing before Your Honor in the above-captioned consolidated matters. Although we do not yet have the transcript of the December 16th hearing, it is my recollection that Your Honor denied my request to call as a witness Ms. Zelman's private investigator, Sheldon Wengrovsky, at a continued hearing, or to provide an affidavit from Mr. Wengrovsky.

  I am respectfully submitting this letter brief in accordance with Rule 2(A) of Your Honor's Individual Practices, in advance of a formal motion for reconsideration, to ask Your Honor to reconsider accepting the attached December 21, 2015 Affidavit of Mr. Wengrovsky. Mr. Wengrovsky is a retired Federal Agent who now works as a private investigator. His attached Affidavit confirms his conversation with Ms. Zelman in December of 2013 concerning her intended surveillance of Aaron Hess at The Gym in Armonk; and further confirms that he was unavailable to testify at the December 16th hearing.

  Pursuant to Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, "the party moving for reconsideration 'must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision.' ... 'Alternatively, the [c]ourt may grant the motion to correct a clear error or prevent manifest injustice.'...." <u>Reino De Espana v. Am. Bureau of Shipping, Inc.</u>, 2006 U.S. Dist. LEXIS 51808, at *7 (S.D.N.Y. Jul. 27, 2006) (citations omitted); <u>Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992) (availability of new evidence justifies reconsideration).

Law Offices Of
Michael S. Ross

Hon. Lisa Margaret Smith
December 24, 2015
Page 2

      The Second Circuit has held that "[c]onsiderations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration...." Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998) (District Judge may consider supplemental evidence not submitted to Magistrate Judge). Moreover, "[a] district court has discretion to consider a late affidavit if it chooses to do so." Degelman Indus. v. Pro-Tech Welding & Fabrication. Inc., 2011 U.S. Dist. LEXIS 155986, at *9 (W.D.N.Y. May 31, 2011) (internal quotations and citations omitted); see also Rule 54(b) of the Federal Rules of Civil Procedure ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

      I respectfully ask this Court to exercise its discretion to consider Mr. Wengrovsky's Affidavit. The December 16th hearing before Your Honor ended at approximately 5:30 p.m., and had the hearing continued on the following day, I would have called Mr. Wengrovsky to testify in light of the fact that the issue of his retention was, based upon Your Honor's comments, more prominent at the trial than we had anticipated. Mr. Wengrovsky confirms in his attached December 21st Affidavit that he was unavailable to testify at the December 16th hearing because of a family emergency. Mr. Wengrovsky's biography indicates that he is a decorated retired Federal Agent who has had an honorable career. Inasmuch as Ms. Zelman's credibility is at issue in this case, I respectfully submit that Mr. Wengrovsky's Affidavit will be helpful to Your Honor in making a determination in this matter.

      Separately, as Ms. Zelman explained in her testimony at the December 16th hearing, she did not provide any documents which identified Mr. Wengrovsky in response to the defendant's September 22, 2015 documents subpoena because she did not have any documents relating to the case which identified Mr. Wengrovsky. There was no effort to hide Mr. Wengrovsky's identity from this Court. Ms. Zelman believed that she had accurately responded to the subpoena and intended to testify concerning Mr. Wengrovsky's identity at the hearing before Your Honor, which she did on December 16th; and the fact that Ms. Zelman had spoken to a private investigator was noted in Daniel Markewich, Esq.'s December 23, 2013 letter to this Court (at page 4).

      For the reasons set forth above, I respectfully ask Your Honor to reconsider accepting the attached Affidavit of Mr. Wengrovsky.

      Respectfully submitted,

      Michael S. Ross

Att.

cc:    All Counsel by ECF